IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

FILED

NOV 23 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:20cr 110 |
| v. | ) | |
| | ) | 18 U.S.C. § 1344 |
| SCOTT SUBER, | ) | Bank Fraud |
| | ) | |
| Defendant. | ) | Forfeiture |

CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

In or about June 2020, in the Eastern District of Virginia and elsewhere, SCOTT SUBER, the defendant, knowingly executed and attempted to execute a scheme and artifice to defraud Celtic Bank, a financial institution with deposits insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of said financial institution, by means of materially false pretenses, representations and promises, which scheme and artifice, and the execution thereof, were in substance as follows:

1. The Paycheck Protection Program ("PPP") is a program administered by the Small Business Administration. In or around March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, of which the PPP is one component. Through the PPP, Congress authorized the award of hundreds of billions of dollars in forgivable loans to small businesses, for the purpose of enabling those businesses to continue to pay salary or wages to their employees. To apply for a forgivable loan under the PPP, a business must submit an application to a participating financial institution. If a PPP loan application is approved, the

participating lender funds the PPP loan using its own money. The SBA, in turn, guarantees the repayment of the loan.

2. An applicant seeking a PPP loan is required to disclose to a participating lender, among other things, the applicant's number of employees and average payroll expenses. The applicant also must agree to use any funds disbursed through the program only "to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments as specified under the Paycheck Protection Program Rule."

3. The object of the scheme and artifice devised and executed by the defendant was to obtain monies for himself by submitting and causing to be submitted to Celtic Bank a fraudulent application for a PPP loan, and then to use the loan proceeds for impermissible purposes.

4. In his application to Celtic Bank for a PPP loan, the defendant represented that his business, Debris or Not Debris Property Preservation Inc., had eight (8) employees and an average monthly payroll of $140,000. As the defendant well knew, these representations were completely false and fabricated.

5. In support of his fraudulent application, the defendant submitted a Form 941, Employer's Quarterly Federal Tax Return for Debris or Not Debris Property Preservation Inc. for the 4th quarter of 2019, claiming that the business had quarterly wages of $420,000 and federal tax withholding of $36,620. As the defendant well knew, these figures were completely false and fabricated.

6. In further support of his fraudulent application, the defendant submitted a Wells Fargo Bank monthly statement for Debris or Not Debris Property Preservation Inc. that he had altered.

7. In reliance on the representations in his application, Celtic Bank approved and funded

a PPP loan for Debris or Not Debris Property Preservation Inc. in the amount of $350,000. The defendant directed Celtic Bank to wire transfer the funds to an account he maintained at Wells Fargo Bank.

8. In his loan application, the defendant stated that he would use the loan proceeds for purposes connected to his business, that is, for the costs of payroll, lease and utilities. Instead, the defendant used the proceeds for his own personal benefit, including, among other things, making large cash withdrawals and travel to Las Vegas.

(In violation of Title 18, United States Code, Section 1344.)

## FORFEITURE

1. The defendant, SCOTT SUBER, if convicted of the offense set forth in this criminal information shall, as part of the sentencing of the defendant pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeit to the United States any property constituting or derived from proceeds the defendant obtained, directly or indirectly, as a result of said violation, which is subject to criminal forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A).

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3. The property subject to forfeiture includes, but is not limited to a monetary judgment in the amount of not less than $350,000.

(In accordance with 18 U.S.C. § 982(a)(2)(A).)

G. Zachary Terwilliger
United States Attorney

By: /s/ Alan M. Salsbury
Alan M. Salsbury
Assistant United States Attorney
Virginia State Bar No. 15682
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel.-757-441-6350
Fax-757-441-6689
Email: alan.salsbury@usdoj.gov