IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

FILED IN OPEN COURT
DEC - 9 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 2:20cr110 |
| v. | ) |
| | ) |
| SCOTT SUBER, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The parties stipulate that the allegations in the criminal information are true and correct, and that if this case were to proceed to trial, the evidence presented by the United States would establish the following facts beyond a reasonable doubt:

1. In or about June 2020, SCOTT SUBER, the defendant, executed a scheme and artifice to defraud Celtic Bank, a financial institution with deposits insured by the Federal Deposit Insurance Corporation, and to obtain monies owned by and under the control of Celtic Bank, by means of materially false pretenses, representations and promises, as described below.

2. The Paycheck Protection Program ("PPP") is a program administered by the Small Business Administration. In or around March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, of which the PPP is one component. Through the PPP, Congress authorized the award of hundreds of billions of dollars in forgivable loans to small businesses, for the purpose of enabling those businesses to continue to pay salary or wages to their employees. To apply for a forgivable loan under the PPP, a business must submit an application to a participating financial institution. If a PPP loan application is approved, the

participating lender funds the PPP loan using its own money. The SBA, in turn, guarantees the repayment of the loan.

3. An applicant seeking a PPP loan is required to disclose to a participating lender, among other things, the applicant's number of employees and average payroll expenses. The applicant also must agree to use any funds disbursed through the program only "to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments as specified under the Paycheck Protection Program Rule."

4. The object of the scheme and artifice executed by the defendant was to obtain monies for himself by submitting and causing to be submitted to Celtic Bank a fraudulent application for a PPP loan, and then to use the loan proceeds for impermissible purposes.

5. The defendant provided information about his business, Debris or Not Debris Property Preservation, Inc. to another person, knowing that person would, in turn, provide the information to a third-party who would prepare and file a fraudulent PPP loan application on behalf of the business. The defendant provided the other person with a Wells Fargo Bank monthly statement for Debris or Not Debris Property Preservation Inc. that the defendant had altered. In order to qualify for a PPP loan, a business must have been in operation as of February 15, 2020. The defendant opened a bank account in the name of Debris or Not Debris or Not Debris Property Preservation, Inc. on April 9, 2020. He changed the date on the statement from April 30, 2020 to February 29, 2020 to make it appear that Debris or Not Debris Property Preservation, Inc. had a bank account as of February 15, 2020. In fact, Debris or Not Debris Property Preservation, Inc. did not have a bank account as of February 15, 2020.

6. In the application to Celtic Bank for a PPP loan that was prepared and filed on behalf of Debris or Not Debris Property Preservation, Inc., it was represented that the business had eight

(8) employees and an average monthly payroll of $140,000. These representations were completely false and fabricated.

7. In support of the fraudulent application, a false Form 941, Employer's Quarterly Federal Tax Return for Debris or Not Debris Property Preservation Inc. was submitted for the 4th quarter of 2019, claiming that the business had quarterly wages of $420,000 and federal tax withholding of $36,620. These figures were completely false and fabricated. In addition, the false bank statement with the altered date that had been provided by the defendant was submitted to the bank in support of the application.

8. In reliance on the representations in the application, Celtic Bank approved and funded a PPP loan for Debris or Not Debris Property Preservation Inc. in the amount of $350,000. Based on information provided by the defendant, Celtic Bank wire transferred the funds to an account the defendant maintained in the name of Debris or Not Debris Property Preservation, Inc. at Wells Fargo Bank.

9. In the loan application, it was stated that Debris or Not Debris Property Preservation Inc. would use the loan proceeds for purposes connected to the business, that is, for the costs of payroll, lease and utilities. Instead, the defendant used the proceeds for his own personal benefit, including, among other things, making large cash withdrawals and travel to Las Vegas, and making payments to individuals as directed by the person who filed the fraudulent loan application on his behalf.

G. Zachary Terwilliger
United States Attorney

By: *Alan M. Salsbury*
Alan M. Salsbury
Assistant United States Attorney

3

I hereby stipulate that the above Statement of Facts is true and accurate, and that if this case had proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Scott Suber

I have reviewed the above Statement of Facts with Scott Suber and his decision to stipulate to the accuracy of these facts is an informed and voluntary one.

_____
Scott F. Hallauer
Counsel for the defendant