IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 2:20cr110 |
| v. | ) |
| | ) |
| SCOTT SUBER, | ) |
| | ) |
| Defendant. | ) |

POSITION OF THE UNITED STATES IN REGARD TO SENTENCING

Now comes the United States, by its undersigned counsel, and for its position in regard to sentencing, states that it has no objection to the presentence report, and that under the Sentencing Guidelines the probation officer has correctly calculated a Total Offense Level of 20 and a Criminal History Category I for the defendant. PSR ¶¶ 30-54. This computation results in an advisory guideline prison range of 33-41 months under the Sentencing Table. PSR ¶ 94. For the reasons discussed below, the Government recommends that the Court sentence the defendant to a prison term of 33 months, at the low end of the guideline range.

A. The Sentencing Guidelines

Although a sentencing court may not presume that a sentence within the advisory Guidelines range is reasonable, the Guidelines remain a significant component of the sentencing process because the court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." Nelson v. United States, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

As noted, the Government has no objections to the calculation of the advisory sentencing

guideline range by the probation officer.   The defendant objects to the guideline loss amount of $350,000.   ECF No. 18-1.   The objection is meritless.   The defendant knew that a fraudulent PPP loan application would be filed on behalf of his business.   ECF No. 8.   In fact, he prepared an altered bank statement to be submitted in support of the fraudulent application.   *Id.*   Celtic Bank approved the loan application and wire transferred the loan proceeds to a Wells Fargo bank account that the defendant maintained in the name of his business.   *Id.*   The defendant readily accepted the loan proceeds and in fact used a portion of them for his own personal benefit, including making large cash withdrawals and traveling to Las Vegas.   *Id.*   Having knowingly accepted the PPP loan proceeds based on a fraudulent application, his argument that the Guideline loss should be less that the loan amount of $350,000 is untenable.   As stated in U.S.S.G. § 2B1.1, comment (n.3(iv)), for purposes of loss under § 2B1.1(b)(1), the "reasonably foreseeable pecuniary harm" is the "pecuniary harm that the defendant knew or, <u>under the circumstances, reasonably should have known</u>, was a potential result of the offense." (emphasis added).   That amount is $350,000.

The defendant's argument that the amount of loss should be reduced because the Government recovered some of the loan proceeds is also baseless.   These recoveries were made **after the commission of the crime**.   The Government collected $165,008.14 from Wells Fargo as the result of a seizure warrant and the defendant signed over a cashier's check for $17,000, thereby reducing the amount he owes in restitution to $167,991.86.   PSR ¶ 97.   As the Court knows, the amount owed by a defendant for restitution purposes and the amount of loss for Guideline purposes are often different.   Here, the crime had already been committed before the Government made any partial recovery, and therefore the loss amount for purposes of the Guidelines remains at $350,000.

Nor, as suggested by the defendant in his objection, should the Guideline loss amount be reduced by $105,000 of the loan proceeds "paid to unindicted co-conspirators" who were complicit in making the fraudulent loan application.   ECF No. 18-1.   The notion that a defendant's Guideline loss should be reduced by the amount of money paid to unindicted co-conspirators is simply contrary to reason.

Accordingly, the defendant's objection to the Guideline loss amount of $350,000 should be overruled.

### B.   The Statutory Sentencing Factors

In considering the nature and circumstances of the offense, it is notable that the defendant used a COVID-19 relief program as a means to obtain money for himself.   As stated in the agreed Statement of Facts, he provided information about his business to another person, knowing that a third-party would prepare and file a fraudulent Paycheck Protection Program ("PPP") loan application. ECF No. 8.   He prepared an altered bank statement in support of the application.   *Id*.   The application falsely represented the number of employees and the average monthly payroll of the business.   *Id*.   In addition, a fraudulent quarterly tax return, with false quarterly wages and federal withholding figures, was also submitted in support of the application.   *Id*.

Based on the fraudulent application, Celtic Bank approved and funded a PPP loan for $350,000. The defendant did not use the loan proceeds for purposes connected to the business, such as payroll, lease, and utilities.   Instead, he used a part of the proceeds for his own personal benefit, including travel to Las Vegas, large cash withdrawals and making payments to certain individuals as directed by the person who filed the fraudulent loan application on his behalf. ECF No. 8.

The need for a sentence "to afford adequate deterrence to criminal conduct" is one of the statutory sentencing factors in 18 U.S.C. § 3553(a)(2), and that factor is especially applicable to this case, so as to deter others who might take advantage of a program intended to provide pandemic relief to small businesses.

### C.   The Government's Recommendation

The offense committed by the defendant is undoubtedly serious.   He diverted a significant amount of money from a program meant to enable qualified and eligible small businesses to stay afloat during the pandemic.   Essentially, the defendant stole $350,000 from the Paycheck Protection Program.   He did, however, agree to waive indictment, plead guilty and has accepted responsibility.   In addition, he has provided the Government with additional details about his offense.

After considering the statutory sentencing factors and for the reasons discussed above, the Government recommends that the Court impose a prison sentence of 33 months, at the low end of the advisory guideline range, which will provide "a sentence sufficient but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

        Raj Parekh
        Acting United States Attorney

By: _____/s/_____
    Alan M. Salsbury
    Assistant United States Attorney
    101 West Main Street, Suite 8000
    Norfolk, Virginia 23510
    Telephone Number - 757-441- 6331
    Facsimile Number - 757-441-6689
    E-mail Address - alan.salsbury@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record who are users of the CM/ECF system.

/s/
Alan M. Salsbury
Assistant United States Attorney