# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

**SCOTT SUBER,**

Defendant.

Case Number: 2:20CR00110-001

USM Number: 21284-509

Defendant's Attorney: Scott F. Hallauer

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 1344 | Bank Fraud | Felony | June 2020 | 1 |

As pronounced on May 20, 2021, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this _21_ day of May, 2021.

/s/

Robert G. Doumar
Senior United States District Judge

Case Number: 2:20CR00110-001
Defendant's Name: SUBER, SCOTT

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWENTY-FOUR (24) MONTHS**.

The defendant shall surrender for service of the sentence at the institution designated by the Bureau of Prisons before **2:00 p.m.** on **July 8, 2021**, as notified by the United States Marshal.

If for any reason the defendant is not notified by the United States Marshal of the institution designated, the defendant shall report to the United States Courthouse, United States Marshal at 600 Granby Street, Norfolk, VA, by **2:00 p.m.** on **July 8, 2021**, to begin service of the sentence.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____
at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number:        2:20CR00110-001
Defendant's Name:   SUBER, SCOTT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervised release and at least two periodic drug tests thereafter, as may be directed by the probation officer

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 2:20CR00110-001
Defendant's Name: SUBER, SCOTT

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall pay for the support of his child in the amount ordered by any social service agency or court of competent jurisdiction and shall register with the Department of Child Support Enforcement in any state in which the defendant resides.

2) The defendant is prohibited from engaging in any aspect of employment where he has access to anyone else's money than his own.

3) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5) The defendant shall provide the probation officer access to any requested financial information.

6) The defendant shall participate in a program approved by the United States Probation Office for financial counseling. The cost of this program is to be paid partially by the defendant as directed by the probation officer.

7) The defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

8) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be paid partially by the defendant as directed by the probation officer.

9) The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Case Number: 2:20CR00110-001
Defendant's Name: SUBER, SCOTT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $167,991.86 |
| **TOTALS:** | $100.00 | $0.00 | $167,991.86 |

## FINES

No fines have been imposed in this case.

## FORFEITURE

SEE Consent Order of Forfeiture entered and filed by the Court on December 10, 2020.

## RESTITUTION

The defendant must make restitution to the following payees in the amount listed below.

Celtic Bank Corporation $167,991.86
ATTN: Nissen Liddiard
Vice President Compliance
268 S. State Street, Suite 300
Salt Lake City, Utah 84111

**Total Restitution** $167,991.86

Case Number: 2:20CR00110-001
Defendant's Name: SUBER, SCOTT

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution shall be due in full immediately.

Any balance remaining unpaid on the special assessment or restitution at the inception of supervision, shall be paid by the defendant in installments of not less than $200.00 per month, until paid in full. Said payments shall commence 60 days after the defendant's supervision begins.

Any special assessment or restitution payments may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment, fine, restitution, or special assessment by the United States.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, including the special assessment, are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.